HANNAH SNYDER, Appellee, v. R. H. SNYDER, Appellant.

**DEEDS: Action to Set Aside—Fraud—Undue Influence—Evidence—**
**1  Sufficiency.** Evidence reviewed, in an action to set aside a deed executed in consideration of grantee's promise to render life support to the aged grantor, and *held* insufficient to show the alleged fraud and undue influence.

**LIMITATION OF ACTIONS: Fraud—Undue Influence—Action to**
**2  Set Aside Deed.** An action to set aside a deed on the ground of fraud and undue influence is barred when commenced in September, 1913, the deed having been executed in January, 1901.

*Appeal from Jones District Court.*—F. O. ELLISON, Judge.

FRIDAY, DECEMBER 17, 1915.

SUIT in equity to set aside a conveyance of land as having been obtained by defendant from the plaintiff through fraud and undue influence. Trial being had, there was a decree dismissing the petition, and the plaintiff has appealed.—*Affirmed.*

*Clifford B. Paul,* for appellant.

*J. S. Welch* and *J. J. Locher,* for appellee.

EVANS, J.—The conveyance in question was executed in January, 1901. It was executed by the plaintiff and her hus-

band as grantors, to the defendant as grantee. The consider-
ation for such conveyance was a contract for
the support of both grantors during life by
the defendant, and for the payment of $50
annually to the plaintiff. The allegations of
the petition are that, at the time of such conveyance, the
plaintiff was 66 years of age and in feeble health and broken
in mind and body and unable to comprehend her rights; and
that the defendant sustained a fiduciary relation to her; and
that the contract was inequitable to her, and that it was
obtained from her by the undue influence of the defendant and
his father, the latter being the husband of plaintiff; and that
such conduct was a fraud upon the plaintiff, both actual and
constructive. The petition discloses, also, that, a controversy
having arisen between the parties hereto over said convey-
ance, they entered into a later contract in settlement of such
controversy, whereby the defendant surrendered the posses-
sion of the property to the plaintiff and executed to her a life
lease therefor, retaining to himself the fee title to the land.
The prayer of the petition is that the original conveyance be
set aside, and likewise the contract for support, and likewise
the contract of settlement, and that plaintiff be decreed to
be the absolute owner in fee simple of the land involved, and
that her title be quieted in her. The defendant answered the
petition with a general denial and a plea of the statute of limi-
tations and laches. Many of the salient facts in the case are
undisputed. The land in question consisted of a farm of 140
acres, which had been owned by the plaintiff for many years.
At the time of the conveyance, it was of the value of about
$40 per acre. In 1893, the plaintiff, at the age of 58 years,
was married to Robert Snyder, a widower. The defendant,
R. H. Snyder, known in this record as Harvey Snyder, was
an adult son of Robert Snyder. After the marriage, the
plaintiff and her husband lived upon the farm for several
years, farming it a part of the time and renting it a part of
the time. In January, 1901, the arrangement now complained

1. DEEDS: action
to set aside:
fraud: undue
influence: evi-
dence: suffi-
ciency.

of was entered into with the defendant, Harvey Snyder. He was then contemplating marriage, and was married, a few days later, to a young lady known to both the grantors. He and his wife thereupon moved into the home with the grantors upon the land in question, and there continued for four years. In the last two years of that time, considerable friction developed, more particularly between the plaintiff and the defendant's wife. Thereupon, the plaintiff informed the defendant that she proposed to reclaim the land and to repudiate the former agreements, and she employed an attorney to that end. Negotiations for an adjustment between them were pending from September 24, 1904, until February 25, 1905. On this latter date, a new contract was entered into in settlement of their controversy, whereby the defendant surrendered his possession of the land and executed to the plaintiff a life lease of the land, and whereby, also, he became absolved from the obligation of support and the payment of $50 annuity. At the time that the defendant surrendered the possession to the plaintiff, the plaintiff's husband left her and made his home with the defendant, for a period of five years thereafter. Nor has he ever returned to the plaintiff.

We have read the evidence with much care. We think it fails to show either actual or constructive fraud. The original contract between the parties was not unreasonable or inequitable. The rental value of the land was not large. The grantors had reached an age when they were not able to farm it themselves. The plaintiff had no children nor other near relatives who had claims upon her bounty. The undertaking of the defendant was a very substantial one, and was by no means a slight consideration for the contract. The evidence discloses no act on the defendant's part or on the part of his father which should be deemed as an undue influence upon the plaintiff in obtaining such conveyance, and there was no fiduciary relation between him and her. He was not a member of her family. He had transacted no business for her. She had doubtless known him since her marriage. The real griev-

ance of plaintiff, if any, was not that any fraud entered into the making of the contract, but that the provisions of the contract were not faithfully performed.

The evidence in the record is directed very largely to this point. The plaintiff testified to harsh language and neglect by the defendant and his wife. Other witnesses on behalf of plaintiff who had some opportunity to observe the relations of the parties conceded frankly that they had never seen anything in the conduct of the defendant and his wife towards the plaintiff that was not commendable. The plaintiff herself has some peculiarities of temperament. Defendant's wife concedes that there were some warm debates between herself and plaintiff.

These were the circumstances, in a general way, which confronted the parties when the plaintiff demanded a reconveyance of the land to her in 1904, and which resulted in the compromise already referred to. The evidence will not warrant a finding of mental disability on the part of the plaintiff. She suffered physically with rheumatism and headache and toothache and such disabilities as are incident to her time of life. She was, however, an intelligent woman. She had been a postmistress for many years. She had transacted her own business affairs prior to her marriage, and was living alone upon the farm in question when she was married. We think it clear that she was not lacking in a comprehension of her rights and her interests. The evidence furnishes no ground to claim any fraud in the contract of compromise. It is true that its net effect was to leave the fee title of the land in the defendant, without any corresponding obligation to further support the plaintiff. The plaintiff's husband, however, took no part in the settlement. The obligation of the original contract to support the husband was still upon the defendant in a legal sense, so far as the husband was concerned. The plaintiff knew the effect of her compromise. It was at that time a matter of preference with her to live alone, as she had done

in former years, rather than to take further support from the defendant and his wife.

The ultimate relief sought in this case is not that the contract of compromise be set aside, but that the original conveyance be set aside. To set aside the contract of compromise alone would set aside the plaintiff's life lease. This is not what she desires. She asks to set aside the contract of compromise only so far as it operates as a bar to her attack

2. LIMITATION OF ACTIONS: fraud: undue influence: action to set aside deed.

upon the original transaction. She is confronted with the further difficulty that relief on the ground of fraud in the original transaction would seem to be barred by the statute of limitations. This action was brought in September, 1913. Whether the bar of the statute does also run against her as to the contract of compromise, we need not inquire.

Upon the record before us, we see no fair escape from the compromise contract. Such was the holding of the trial court. The decree entered below must, therefore, be—*Affirmed*.

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.